```
                    UNITED STATES DISTRICT COURT
                     DISTRICT OF MASSACHUSETTS
```

_____ )
UNITED STATES OF AMERICA,            )
                                     )
                                     )
vs.                                  )     **CRIMINAL ACTION**
                                     )     **NO. 04-1787-CBS**
CORY HUBBARD,                        )
        Defendant,                   )
_____ )


**MEMORANDUM OF PROBABLE CAUSE AND ORDER ON THE
GOVERNMENT'S MOTION FOR DETENTION**
July 19, 2004

**SWARTWOOD, M.J.**

I.  Nature of the Case and the Government's Motion

On June 22, 2004, a Criminal Complaint was filed, charging Cory Hubbard ("Mr. Hubbard"), with: possession with intent to distribute cocaine, cocaine base and marijuana in violation of 21 U.S.C. §841(a)(1); being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. §922(g)(1); and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. §924(c).

At Mr. Hubbard's initial appearance in connection with this Complaint, he was advised of his right to a preliminary examination in accordance with Fed. R. Crim. P. 5.1 and the Government moved for a detention hearing in accordance with 18 U.S.C. §§ 3142(f)(1)(A)(Mr. Hubbard is charged with a crime of violence),(f)(1)(B)(the offense charged provides for a maximum penalty of life imprisonment),(f)(1)(C)(Mr. Hubbard is charged with

an offense for which a maximum term of imprisonment of ten years or more is prescribed in the "Controlled Substances Act"), (f)(1)(D)(Mr. Hubbard is charged with a felony and has been convicted of two or more offenses described in paragraphs (A) through (C) of Section 3142(f)(1)(A), or two or more state of local offenses that would have been offenses described in paragraphs (A) through (C) of such section if federal jurisdiction had existed) and (f)(2)(A)(risk of flight).

On July 15, 2004, a consolidated probable cause/detention hearing was held and at that hearing, Sheila O'Hara, Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, testified on behalf of the Government and was cross-examined by Mr. Hubbard's counsel.

## II. Findings of Fact

1.   A confidential informant ("CI") told a member of the New Bedford Police Department Organized Crime and Intelligence Bureau ("OCIB") that s/he had purchased cocaine from Mr. Hubbard.  Based on information provided by the CI, the OCIB began an investigation of Mr. Hubbard. Gov't Ex. 1.

2.   During the week of January 18, 2004, a detective from the OCIB and other members of the New Bedford Police Department began conducting surveillance of Mr. Hubbard.  Mr. Hubbard's conduct during surveillance was consistent with someone in the business of selling drugs and information obtained during the surveillance of Mr. Hubbard corroborated some of the information provided by the CI. Id.

3.   Sometime prior to February 28, 2004, the CI made a controlled purchase of cocaine from Mr. Hubbard.  The substance purchased by the CI from Mr. Hubbard field tested positive for the presence of cocaine.  <u>Id.</u>

4.   On February 28, 2004, detectives from OCIB executed a search warrant at 663 Kempton Street, 3rd floor, New Bedford, MA.  <u>See</u> <u>Def's Ex. A</u>.  The information supporting the warrant was provided by the CI.  <u>Gov't Ex. 1</u>.

5.   Evidence seized during the course of the search included:

a) <u>from a small opening over a kitchen cabinet or from a kitchen cabinet</u>: (i) a bag of suspected powder cocaine weighing 21.54 grams that has since tested positive for the presence of cocaine; (ii) three bags of suspected crack cocaine weighing in the aggregate 8.99 grams that has since tested positive for the presence of cocaine base; and (iii) 17 bags of suspected marijuana weighing approximately one pound, which has since tested positive for the presence of marijuana;

b) <u>from the sofa in the living room/extra bedroom</u>: nine bags of suspected powder cocaine weighing in the aggregate 6.98 grams that has since tested positive for the presence of cocaine;

c) <u>from a drop ceiling in the bathroom</u>: five bags of suspected crack cocaine weighing in the aggregate 14.53 grams, which has since tested positive for the presence of cocaine base; and

d) <u>from the bedroom</u>: (i) a Glock model 23, .40 caliber semi-automatic pistol, loaded with eight rounds of ammunition found in a sneaker box near the wall; (ii) $10,552 in U.S. currency; and (iii) paperwork, identification and bills containing Mr. Hubbard's name.

<u>Id.</u> and <u>Def's Ex. B</u>.

6.  Detectives who searched the apartment did not find any indications that anyone other than Mr. Hubbard was living at the apartment. <u>Gov't Ex. 1</u>.

7.  The Glock firearm and the ammunition seized with it were manufactured outside of Massachusetts and therefore, traveled in interstate commerce. <u>Id.</u>

8.  Mr. Hubbard has prior felony convictions, in 1998, in the New Bedford District Court, for: possession with intent to distribute a Class B Controlled Substance (two counts), possession with intent to distribute a Class A Controlled Substance and distribution of a controlled substance in a school zone for which Mr. Hubbard received, respectively, one year committed, one year committed and two years committed.

### III. <u>Probable Cause</u>

Law enforcement officials executing a search warrant at Mr. Hubbard's apartment found multiple bags of powder cocaine, cocaine base and marijuana. All of the drugs found in Mr. Hubbard's apartment were sent to a laboratory for testing and have tested positive as set forth above. The drugs found in the search were in amounts greater than for personal use and were packaged for distribution. In addition, law enforcement agents discovered a firearm which was loaded with ammunition and neither the firearm nor the ammunition were manufactured in Massachusetts. The loaded firearm was found in the same room where over $10,000 and apparent drug related items were found. Prior to executing the search warrant, the CI made a controlled purchase of cocaine powder from

Mr. Hubbard. Therefore, I find probable cause for the offenses charged against Mr. Hubbard in this Complaint.

### IV.    The Bail Reform Act

#### A.    Discussion of the Bail Reform Act

Under 18 U.S.C. § 3142 ("The Bail Reform Act" or "the Act"), the judicial officer shall order that, pending trial, the Defendant be (1) released on his own recognizance or upon execution of an unsecured bond; (2) released on a condition or combination of conditions; (3) temporarily detained to permit revocation of conditional release, deportation, or exclusion; or (4) detained. 18 U.S.C. § 3142(a). Under the Act, the judicial officer may detain a person pending trial only if, after a detention hearing held pursuant to 18 U.S.C. § 3142(f), the judicial officer determines that "no condition or combination of conditions [set forth under 18 U.S.C. § 3142 (b) or (c)] will reasonably assure the appearance of the person as required and the safety of any other person and the community". 18 U.S.C. § 3142(e).  The Supreme Court, in United States v. Salerno, 481 U.S. 739, 747, 107 S.Ct. 2095, 95 L.Ed.2d 697 (1987) has cautioned that "[i]n our society liberty is the norm, and detention prior to trial or without trial is the carefully limited exception." Id. at 755, 107 S.Ct. at 2105. For this reason, the Defendant may be detained only if the judicial officer finds by (1) clear and convincing evidence, that the Defendant is a danger to the community, or (2) a preponderance of the evidence, that the Defendant poses a risk of flight. See 18

U.S.C. § 3142 (f); United States v. Jackson, 823 F.2d 4-5 (2d Cir. 1987); United States v. Berrios-Berrios, 791 F.2d 246, 250 (2d Cir. (1986), cert. denied, 479 U.S. 978, 107 S.Ct. 562, 93 L.Ed.2d 568 (1986). See also United States v. Patriarca, 948 F.2d 789, 792-93 (1st Cir. 1991). Furthermore, the judicial officer "may not impose financial condition that results in the pretrial detention of the person". 18 U.S.C. § 3142 (c).

The Bail Reform Act establishes a two step procedure for making the determination that the Defendant should be detained. First, the Government is entitled to move for detention where the Defendant has been charged with one of the offenses enumerated in the statute for which Congress has determined that detention is warranted. See 18 U.S.C. § 3142 (f)(1). The Government may also move for detention, or the judicial officer may on his or her own motion move for detention, where the case involves a serious risk that the Defendant will flee or that the Defendant will obstruct or attempt to obstruct justice. 18 U.S.C. § 3142(f)(2). Second, the judicial officer must determine whether any condition or combination of conditions will adequately ensure the appearance of the Defendant and the safety of the community against any danger posed by the Defendant's pretrial release. See United States v. Friedman, 837 F.2d 48, 49 (2d Cir. 1988).

In meeting its burden on the issue of whether any condition or combination of conditions of release will reasonably assure the appearance of the person as required and the safety of the

community, the Government is aided by the statutory presumptions created by 18 U.S.C. 3142(e). Where the offense charged is one of the offenses enumerated in Section 3142(f)(1), Section 3142(e) creates the rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of the community if the judicial officer finds that: (1) the Defendant has been convicted of a federal offense that is described in Section 3142(f) or an offense under state law that would have been an offense described in Section 3142(f)(1) if federal jurisdiction had existed, (2) such offense was committed while the person was on release pending trial for a federal, state or local offense, and (3) a period of not more than five years has elapsed since the date of conviction or release from imprisonment for such offense. Section 3142(e) also creates the rebuttable presumption that no condition or combination of conditions will ensure the safety of the community and the appearance of the Defendant if the judicial officer finds that there is probable cause to believe that the Defendant committed an offense: (1) for which a maximum term of imprisonment of ten years or more is prescribed (a) in the Controlled Substances Act, (b) the Controlled Substances Import and Export Act, or (c) the Maritime Drug Enforcement Act; or (2) under 18 U.S.C. § 924(c). In order to rebut either presumption, the Defendant must produce "some evidence" to the contrary. United States v. Jessup, 752 F.2d 378, 384 (1st Cir. 1985).

In making the determination as to whether "any condition or combination of conditions will reasonably assure the appearance of the [Defendant] as required and the safety of any other person and of the community", the judicial officer is compelled to consider the following factors:

(1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;

(2) the weight of the evidence against the person;

(3) the history and characteristics of the person, including:

    a. the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and

    b. whether, at the time of the current offense or arrest, he was on probation, on parole, or other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State or local law; and

(4) the nature and seriousness of the danger to any other person or the community that would be posed by the person's release . . . .

18 U.S.C. § 3142(g).

## V. Discussion of Whether Detention is Warranted

### A. Mr. Hubbard's History and Characteristics

Mr. Hubbard was born in Boston, MA on April 28, 1978. Mr. Hubbard has lived in New Bedford since age 16. For the past six months, Mr. Hubbard has resided on County Street in New Bedford with Beth Streck, the mother of one of his children. Two of his other children reside in New Bedford with their mother. His current girlfriend, who is not Ms. Streck, is currently expecting a child. Mr. Hubbard's mother resides in Brockton, MA; another sister lived in Brockton, but recently moved to an unspecified location; and another sister resides in Springfield, MA. Mr. Hubbard does not know the whereabouts of his father with whom he has not had contact in many years.

Mr. Hubbard was recently incarcerated for three months. For the three years prior to that, he worked as a cook at the Bayside Expo Center and had worked on and off for a year at a pizza place.

I have previously described Mr. Hubbard's felony drug convictions. Mr. Hubbard has additional, multiple state convictions for violation of the controlled substances act which were filed, or for which he was committed for less than one year. Mr. Hubbard also has multiple automobile related offenses.

### C. Nature of the Offense and Weight of the Evidence

I have previously found probable cause for the offense charged against Mr. Hubbard in this Complaint. I find that the weight of the evidence against Mr. Hubbard with respect to each of these offenses is substantial.

D. <u>Rebuttable Presumption</u>

The United States has moved for detention pursuant to 18 U.S.C. §§ 3142(f)(1)(A), (f)(1)(B), (f)(1)(C),(f)(1)(D) and (f)(2)(A). The Government must prove that there is no condition or combination of conditions that would reasonably assure the safety of any other person or the community if Mr. Hubbard were released, or the appearance of Mr. Hubbard as required.

The rebuttable presumption created by 18 U.S.C. § 3142(e) applies in this case, because Mr. Hubbard is charged with a drug offense for which a maximum penalty of ten years or more is prescribed in the Controlled Substances Act. I have found probable cause exists for the offenses charged against Mr. Hubbard in the Complaint. Therefore, I find that under 18 U.S.C. §3142(e), there is a rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of Mr. Hubbard or the safety of the community if he were released. I find that Mr. Hubbard has not produced nor proffered any credible evidence on his own behalf to rebut this presumption. Without such evidence, the presumption alone may justify detention. <u>United States v. Alatishe</u>, 768 F.2d 364, 371 (D.C. Cir. 1985); <u>United States v. Vires</u>, 637 F. Supp. 1343, 1351 (W.D.Ky. 1986). Although I have determined that Mr. Hubbard has failed to rebut the presumption, for the sake of completeness, I will examine the Government's assertion that Mr. Hubbard poses a danger to the community and a risk of flight.

E.  <u>Whether Mr. Hubbard Poses A Danger to the Community</u>

Mr. Hubbard has been charged with: distribution of cocaine, cocaine base and marijuana; being a felon in possession of a firearm and ammunition; and possession of a firearm in furtherance of a drug related crime.  Mr. Hubbard is charged with a drug offense for which a sentence of ten years or more is prescribed in the Controlled Substances Act.  Additionally, I have previously found that the crime of being a felon in possession of a firearm and/or ammunition is a crime of violence.  Therefore, the Government is warranted in seeking Mr. Hubbard's detention on dangerousness grounds pursuant to 18 U.S.C. §§3142(f)(1)(C) and (f)(1)(A) and it is not necessary for me to address whether the Government is warranted in seeking Mr. Hubbard's detention pursuant to Sections 3142(f)(1)(B) and (f)(1)(D).

Mr. Hubbard's criminal record includes multiple prior convictions for possession with intent to distribute controlled substances, including a conviction for distribution of a controlled substance in a school zone.  Additionally, a civil restraining order has previously been taken out against Mr. Hubbard.  Furthermore, a loaded firearm was found in a bedroom which appeared to by used by Mr. Hubbard and in which were found items related to drug dealing.  I have found that the evidence against Mr. Hubbard with respect to each of the charges against him is substantial.

Considering the totality of these circumstances, including the offenses charged in this Complaint and Mr. Hubbard's criminal

11

record, I find by clear and convincing evidence that Mr. Hubbard poses a danger to the community and that there are no conditions or combination of conditions that I can impose that would assure the safety of any person or persons in the community if he were released.

### F. Whether Mr. Hubbard Poses A Risk Of Flight

Mr. Hubbard has substantial ties to the New Bedford area, where his girlfriend, who is currently expecting a child, and his three children reside. Mr. Hubbard's mother and one sister live in Massachusetts, and the other sister lived near to New Bedford until recently and may still live in Massachusetts. Although Mr. Hubbard faces a substantial period of incarceration if he is found guilty of the offenses charged in this Complaint, he does not have a history of defaults. Under these circumstances, I cannot find by a preponderance of the evidence that Mr. Hubbard poses a risk of flight and therefore, I am relying on the rebuttable presumption to detain him on risk of flight grounds.

## IV. Order of Detention Pending Trial

In accordance with the foregoing memorandum,

IT IS ORDERED:

1. That Mr. Hubbard be committed to the custody of the Attorney General or his designated representative, for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2.   That Mr. Hubbard be afforded a reasonable opportunity for private consultation with counsel; and

3.   On order of a court of the United States or on request by an attorney for the Government, the person in charge of the corrections facility in which Mr. Hubbard is detained and confined shall deliver Mr. Hubbard to an authorized Deputy United States Marshal for the purpose of any appearance in connection with a court proceeding.

## RIGHT OF APPEAL

THE PERSON OR PERSONS DETAINED BY THIS ORDER MAY FILE A MOTION FOR REVOCATION OR AMENDMENT OF THE ORDER PURSUANT TO 18 U.S.C. § 3145(b).

/S/CHARLES B. SWARTWOOD, III
CHARLES B. SWARTWOOD, III
MAGISTRATE JUDGE